

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0644-10

**TOMMY CORONADO, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SEVENTH COURT OF APPEALS
DEAF SMITH COUNTY**

**HERVEY, J., filed a concurring opinion in which KEASLER, J., joined.**

### CONCURRING OPINION

I respectfully concur. While I do agree that the written interrogatories propounded by the neutral interviewer in this case did not constitute a sufficient method of cross-examination to satisfy a defendant's constitutional right to confront witnesses, I also believe there must be a balance between a defendant's right to confrontation and a societal need to protect child victims.

Surely we cannot overlook the plausible option of presenting child victim testimony via closed circuit television in the manner proscribed by this Court in *Gonzales v. State*, 818 S.W.2d 756 (Tex. Crim. App. 1991). There we held that use of a two-way closed circuit television system to obtain the testimony of a child witness did not violate the defendant's state and federal confrontation rights. Use of this particular system was employed after a determination that the system was necessary to protect the child's well-being and that she would suffer severe trauma if forced to testify in the courtroom. The system provided a live two-way presentation of the child's sworn testimony, and allowed for rigorous and contemporaneous objection and cross-examination. The witness and defendant could view one another and could be observed by the judge and jury. The witness was merely in another room.

To me, this option is clearly constitutional and satisfies the concerns of both *Crawford v. Washington*[1] and *Maryland v. Craig*[2] because the evidence presented is being subjected to rigorous (contemporaneous), adversarial testing[3] while safeguarding a compelling state interest[4] to protect a child witness from the severe trauma of testifying in the courtroom.

---

[1] *Crawford v. Washington*, 541 U.S. 36 (2004).

[2] *Maryland v. Craig*, 497 U.S. 836 (1990).

[3] *Crawford*, 541 U.S. at 74; *Craig*, 497 U.S. at 845, 857.

[4] *Craig*, 497 U.S. at 852.

I respectfully concur.

Filed: September 14, 2011

Publish